# NOS. 12-21-00011-CR
# 12-21-00012-CR
# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOSEPH DONALD SMITH,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Joseph Donald Smith, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on Relator's motion for writ of mandamus filed with Respondent.[1] According to Relator, he filed his motion on November 1, 2019. The motion alleged that prison records reflect the incorrect date on which his sentence began and he asked that Respondent issue a writ ordering the Texas Department of Criminal Justice (TDCJ) to correct the date and to issue a certificate of discharge. According to the documents Relator provided to this Court, he filed a motion for a ruling on May 7, 2020 and a second motion for a ruling on September 14, 2020.[2]

However, only the Texas Supreme Court has authority to "issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of

---

[1] Respondent is the Honorable Lauren L. Parish, Senior Judge of the 115th District Court in Upshur County, Texas. The State of Texas is the Real Party in Interest.

[2] Relator also appears to complain of the Upshur County District Clerk's failure to provide him with a file-stamped copy of his motion for writ of mandamus. A district clerk is not a judge over which this Court has mandamus jurisdiction; nor does the record demonstrate that issuance of a writ of mandamus against the District Clerk is necessary to protect this Court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2020); *see also In re Eaton*, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk); *In re Vargas*, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction).

the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform." TEX. GOV'T CODE ANN. § 22.002(c) (West Supp. 2020). TDCJ is an executive branch agency. *See id.* § 493.004 (West 2012); *see also* **Doughty v. State**, No. 01-13-00591-CR, 2014 WL 5465697, at *2 (Tex. App.—Houston [1st Dist.] Oct. 28, 2014, no pet.) (mem. op., not designated for publication). Accordingly, Respondent lacks the authority to issue the writ of mandamus against TDCJ, as requested by Relator.[3] *See* TEX. GOV'T CODE ANN. § 22.002(c); *see also* **Walker v. Gutierrez**, No. 03-18-00241-CV, 2018 WL 3060192, at *1 (Tex. App.—Austin June 21, 2018, no pet.) (mem. op.) ("district court's mandamus jurisdiction is limited to the enforcement of its own jurisdiction and does not extend to the exercise of supervisory control over state prison officials"). For this reason, we **deny** Relator's petition for writ of mandamus.

Opinion delivered February 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] To the extent Relator attempts to obtain a writ of mandamus from this Court directed at TDCJ, this Court does not have mandamus jurisdiction over TDCJ. **In re Kennedy**, No. 12-17-00137-CR, 2017 WL 1684851, at *1 (Tex. App.—Tyler May 3, 2017, orig. proceeding) (mem. op., not designated for publication) (per curiam); *see* **In re Hill**, No. 03–14–00798–CV, 2015 WL 134829, at *1 (Tex. App.–Austin Jan. 6, 2015, orig. proceeding) (mem. op.) (dismissing for want of jurisdiction petition for writ of mandamus against TDCJ); *see also* TEX. GOV'T CODE ANN. § 22.221.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 10, 2021**

**NO. 12-21-00011-CR**

**JOSEPH DONALD SMITH,**
Relator
V.

**HON. LAUREN L. PARISH,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joseph Donald Smith, who is the relator in appellate cause number 12-21-00011-CR and the defendant in trial court cause number 12,108, formerly pending on the docket of the 115th Judicial District Court of Upshur County, Texas. Said petition for writ of mandamus having been filed herein on January 26, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 10, 2021**

**NO. 12-21-00012-CR**

**JOSEPH DONALD SMITH,**
Relator
V.

**HON. LAUREN L. PARISH,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joseph Donald Smith, who is the relator in appellate cause number 12-21-00012-CR and the defendant in trial court cause number 12,279, formerly pending on the docket of the 115th Judicial District Court of Upshur County, Texas. Said petition for writ of mandamus having been filed herein on January 26, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*